Eric Sapir (SBN 282740)
es@ericsapirlaw.com
LAW OFFICE OF ERIC SAPIR
1431 7th St. Suite 206
Santa Monica, CA 90401
Telephone: 310-868-8734
Facsimile: 310-218-0477

Attorney for Plaintiff
DAVID R. SCHARF

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. SCHARF,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 2:15-cv-05081<br><br>COMPLAINT FOR DAMAGES<br><br>[JURY TRIAL DEMANDED] |

## I. JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction over the parties and the TCPA claims asserted herein pursuant to 47 U.S.C. §227, *et seq*.

2. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events giving rise to the claims herein occurred within the

State of California and the County of Los Angeles, including Plaintiff's receipt of Defendant's 59 unsolicited telephone calls to Plaintiff's telephone.

## II. PARTIES

3. Plaintiff DAVID R. SCHARF ("Plaintiff") is, and at all times mentioned herein was, an individual citizen of the State of California, and resident of the County of Los Angeles. Plaintiff is a cellular telephone subscriber, and he placed and received telephone calls through the use of his telephone line having the telephone number of 818-300-8261 ("Plaintiff's Telephone Number").

4. Upon information and belief, at all times relevant hereto, Defendant Wells Fargo Bank, N.A. ("Defendant") is a national banking association with its main office in Sioux Falls, South Dakota.

5. At all times relevant hereto, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States and the State of California, which include the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*, and its related regulations ("TCPA Regulations) that are set forth at 47 C.F.R. §64.1200, as well as the opinions, regulations and orders issued by Courts and the Federal Communications Commission ("FCC") implementing and enforcing the TCPA.

//

//

## IV. FACTUAL ALLEGATIONS

6. Plaintiff allegedly owed Defendant moneys related to a credit card ("alleged debt").

7. After Defendant continuously called Plaintiff in their attempts to collect upon the alleged debt, Plaintiff verbally told the caller(s) on more than one occasion to cease calling him, thereby revoking any consent previously given, if any, in or about December 2012, and January 2013. Despite, Plaintiff's requests, Defendant continued to call Plaintiff's Telephone Number continuously.

8. Plaintiff is informed and believes, and thereon alleges, that on several occasions, all prior to the date this Complaint was filed, but sometime after four years prior to the date this Complaint was filed, Defendant contacted Plaintiff on Plaintiff's telephone line on no less than 298 occasions without Plaintiff's prior unambiguous written consent.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant made the telephone calls from telephone number 800-869-3557.

10. The continuous calls frustrated Plaintiff immensely.

11. As a direct result of Defendant's acts and omissions, Plaintiff has suffered and continues to suffer severe emotional distress.

//

//

12. In regard to each call, Defendant or their authorized agent knowingly and/or willfully:

    a. Called for a commercial purpose;

    b. Called without Plaintiff's prior express consent;

    c. Made the call using an artificial or prerecorded voice;

    d. Made the call using an automated dialer;

    e. Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

    f. Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

    g. Failed to state at the beginning of the call that the purpose of the call was for a commercial purpose;

    h. Failed to record Plaintiff's name and/or telephone number on its Do-Not-Call List; and

    i. Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

//

## COUNT 1
### Violations of TCPA Regulation 47 U.S.C. §227(b)(A)

14. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

15. Defendant's conduct, in initiating 298 telephone calls to Plaintiff's Telephone Number using any automatic telephone dialing system or an artificial or prerecorded voice without Plaintiff's prior consent or approval, constitutes a violation of 47 U.S.C. §227(b)(A) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for each violation.

16. Defendant's conduct, in initiating telephone calls to Plaintiff's Telephone Number using any automatic telephone dialing system or an artificial or prerecorded voice without Plaintiff's prior consent or approval, constitutes knowing and/or willful violations of 47 U.S.C. §227(b)(A) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for each violation.

## COUNT 2
### Violations of the TCPA and TCPA Regulation: 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

17. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

18. In placing the telephone calls to deliver a telephone solicitation to Plaintiff's telephone line, and failing to record Plaintiff's name and/or telephone

number on its Do-Not-Call List pursuant to Plaintiff's request, Defendant knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

19. Because Defendant knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for each violation.

## COUNT 3
**Violations of the TCPA and TCPA Regulation:
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))**

20. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

21. In placing the telephone calls to deliver telephone solicitations to Plaintiff's telephone line, and failing to train the person(s) making the calls in the proper maintenance and use of its Do-Not-Call List, Defendant knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

22. Because Defendant knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for each violation.

//

//

//

- 6 -

COMPLAINT FOR DAMAGES

//

## COUNT 4
### Violations of the TCPA and TCPA Regulation: 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)

23. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

24. In placing telephone calls to deliver telephone solicitations to Plaintiff's telephone line, and failing to maintain a record of Plaintiff's previous demands that the caller place her name and/or telephone number on its Do-Not-Call List, Defendant knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

25. Because Defendant knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for each violation.

## COUNT 5
### Intentional Infliction of Emotional Distress

26. Plaintiff incorporates herein by reference the allegations contained in the preceding paragraphs as if fully set forth.

27. Defendant's conduct as described herein was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

28. Defendant's conduct described herein abused Plaintiff in a manner that was extreme, outrageous, and unjustified.

29. As a proximate result of Defendant's conduct in continuously calling Plaintiff, Plaintiff has suffered severe humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body resulting in damages the amount of which is to be proved at trial.

## COUNT 6
### Negligence

30. Plaintiff reincorporates by reference all of the preceding paragraphs.

31. Defendant had a duty to use due care in any dealings with members of the public, including the Plaintiff herein. Through the acts of said Defendant, as alleged above, this duty was breached, causing damage to Plaintiff.

32. By reason of the negligent and careless conduct set forth herein, Plaintiff, sustained extreme and severe mental anguish as a result of Defendant's conduct.

33. The aforementioned acts were willful, wanton, malicious, and oppressive and justify the awarding of exemplary and punitive damages in an amount to be determined by proof at trial.

//

//

//

COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby prays for the following relief on the foregoing claims against Defendant:

A.   For an award of statutory damages in Plaintiff's favor and against Defendants in the amount of $500 for each of Defendants' violations of 47 U.S.C. §227(b)(A);

B.   For an award of statutory damages in Plaintiff's favor and against Defendants in the amount of $1,500 for each of Defendants' knowing and/or willful violations of 47 U.S.C. §227(b)(A);

C.   For an award of statutory damages in Plaintiff's favor and against Defendants in the amount of $500 for each of Defendants' violations of 47 U.S.C. §227(c) and/or the regulations promulgated thereunder, pursuant to 47 U.S.C. §227(c)(5)(B);

D.   For an award of statutory damages in Plaintiff's favor and against Defendants in the amount of $1500 for each of Defendants' knowing and/or willful violations of 47 U.S.C. §227(c) and/or the regulations promulgated thereunder, pursuant to 47 U.S.C. §227(c)(5)(C);

E.   For actual damages;

F.   For punitive damages in an amount sufficient to discourage such future actions by Defendant and others, and in the Court's discretion;

G. For such other and further relief as the Court may deem just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

PLEASE TAKE NOTICE that Plaintiff David R. Scharf hereby demands a trial by jury on all of his claims against Defendant.

**LAW OFFICE OF ERIC SAPIR**

Dated: July 6, 2015        By: _____
                                Eric Sapir
                                Attorney for Plaintiff
                                David R. Scharf